PEOPLE v. EDING.

1. CRIMINAL LAW—CORPUS DELICTI—CONFESSIONS.

   An unsupported confession is insufficient evidence of the *corpus delicti.*

2. SAME—PURPOSE OF CONFESSION.

   A confession should only be received in evidence for the purpose of connecting the defendant with the offense charged.

3. INCEST—EVIDENCE—CORPUS DELICTI.

    In prosecution for incest, evidence that defendant's niece performed housework and lived in his home for more than one year prior to birth of her baby, and that he secured the services of a doctor to care for her during childbirth, *held*, insufficient to establish *corpus delicti* (Act No. 328, § 333, Pub. Acts 1931).

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 12, 1939. (Docket No. 148, Calendar No. 40,825.) Decided December 20, 1939.

Bert Eding was convicted of incest. Reversed.

*Jarrett N. Clark,* for appellant.

*Thomas Read,* Attorney General, and *Elbern Parsons,* Prosecuting Attorney, for the people.

SHARPE, J. Respondent was convicted of the crime of incest in violation of Act No. 328, § 333, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–333, Stat. Ann. § 28.565). It is the claim of the people that the respondent, Bert Eding, on or about May 25, 1938, at the township of Holland in Ottawa county had sexual intercourse with Katherine Eding, his niece. It was established that Katherine Eding was 19 years of age; that she was the housekeeper of respondent and had been so employed for two and a half years; and that she lived in the same house with respondent when her baby was born and had lived there for more than one year prior to the birth of said child.

When the cause came on for trial, the people produced several witnesses who testified that respondent admitted that he was responsible for his housekeep-

er's pregnancy. At the close of the people's case, the respondent's attorney made a motion for a directed verdict on the ground that there was no competent proof introduced to prove that a crime had been committed. This motion was denied; and the cause was submitted to the jury, which rendered a verdict against the respondent. Respondent appeals.

In *People* v. *Ranney,* 153 Mich. 293, 295 (19 L. R. A. [N. S.] 443), we said:

"It is the general rule that the *corpus delicti* may not be proved by the naked extrajudicial confession of the accused."

In *People* v. *Lane,* 49 Mich. 340, we said:

"An unsupported confession should not be received as sufficient evidence of the *corpus delicti.*"

In *People* v. *Kirby,* 223 Mich. 440, 451, Justice Wiest, in a concurring opinion, said:

"A confession alone ought not to be sufficient evidence of the *corpus delicti.* There should be other proof that a crime has actually been committed; and the confession should only be allowed for the purpose of connecting the defendant with the offense."

See, also, *People* v. *Lapidus,* 167 Mich. 53.

In the case at bar, the prosecuting attorney was able to establish that respondent and his niece lived in the same house for more than one year; that Katherine Eding, the niece, performed the housework in the home; that during this period, some man had sexual intercourse with Katherine Eding, the result of which was the birth of a baby at a later date; and that just prior to the birth of the baby, the respondent secured the services of a doctor to care for Katherine Eding during childbirth. We

are unable to find from these facts that the particular crime alleged was committed.  The *corpus delicti* was not established.

The judgment is reversed, and the respondent discharged.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.