PEOPLE *v.* JUNE.

1. CRIMINAL LAW—LEWD AND LASCIVIOUS COHABITATION—CORPUS
   DELICTI—EVIDENCE.

   In prosecution for lewd and lascivious cohabitation where *corpus
   delicti* had not been shown, newspaper reporter's testimony
   of statements made to him by a defendant in the nature of a
   confession were inadmissible since the *corpus delicti* must be
   proved without the aid of an extrajudicial confession and before
   it may be proved (Act No. 328, § 335, Pub. Acts 1931).

2. SAME—LEWD AND LASCIVIOUS COHABITATION—EVIDENCE.

   In prosecution for lewd and lascivious cohabitation, statements
   by a defendant to a newspaper reporter amounting to a con-
   fession, without other safe probative evidence, *held*, insufficient
   to prove *corpus delicti* or overcome the presumption of in-
   nocence.

Appeal from Lapeer; Cramton (Louis C.), J.
Submitted June 13, 1940. (Docket No. 92, Calendar
No. 40,916.) Decided October 7, 1940.

Edith June and George Davis were jointly tried
and convicted of lewd and lascivious cohabitation.
Reversed, and defendants discharged.

*Herbert W. Smith,* for appellants.

*Thomas Read,* Attorney General, and *Thomas C.
Taylor,* Prosecuting Attorney, for the people.

SHARPE, J. Defendants George Davis and Edith
June were tried and convicted of the crime of "lewd
and lascivious cohabitation" in violation of Act No.
328, § 335, Pub. Acts 1931 (Comp. Laws Supp. 1940,
§ 17115-335, Stat. Ann. § 28.567).

It was established that about the first week in June, 1939, Mildred Davis, wife of defendant George Davis, left the Davis house and went to live at the home of Clarence June; that Edith June, wife of Clarence June, and some of her children went to live with her daughter and son-in-law, Mr. and Mrs. Carpenter, who occupied the upstairs of the Davis house in the village of Columbiaville; that Edith June did housework for George Davis; that about the middle of June, the Carpenters, Mrs. June and children, and Mr. Davis and children moved to a house on Klam road in the township of Marathon; that in this house the Carpenters lived in the north part of the house; Mr. Davis occupied the south part of the house consisting of four rooms; and that the children slept in the north bedroom, Mr. Davis in the south bedroom and Edith June used the living room as a bedroom.

When the cause came on for trial, John C. Treen, a newspaper reporter, was permitted to testify as to statements which amount to a confession made by Edith June. Up to that time, the *corpus delicti* had not been established and defendants' counsel objected to the testimony upon the ground, among others, that no crime had been shown to have been committed.

At the close of the people's case defendants' attorney moved to discharge defendants on the ground that there was no evidence in the case from which the jury could find any acts of lewd and lascivious character on the part of defendants; therefore, the jury would not be justified in returning a verdict of guilty. This motion was denied and the cause submitted to the jury, which rendered a verdict against defendants. Defendants appeal.

The people claim that all of the surrounding facts taken from the testimony of all of the witnesses,

defendants' conduct, their statements, the time and manner of their beginning their cohabitation and the surrounding circumstances of their living together, and the reasonable inference which the jury could draw therefrom, would support the jury's finding of guilty.

In this case, without the testimony of the witness Treen as to the so-called confession made by Edith June, there is no testimony of the *corpus delicti*. These statements were inadmissible since, under the established rule in Michigan, the *corpus delicti* must be proved without the aid of the confession and before the extrajudicial confession may be proved. *People* v. *Lane,* 49 Mich. 340; *People* v. *Kirby,* 223 Mich. 440; *People* v. *Ranney,* 153 Mich. 293 (19 L.R.A. [N.S.] 443); *People* v. *Porter,* 269 Mich. 284; *People* v. *Eding,* 292 Mich. 46; *People* v. *Davis, ante,* 499.

The evidence produced by the prosecution did not tend to establish within safe probative bounds the *corpus delicti* of the offense charged and, therefore, the presumption of innocence was not overcome.

Judgment reversed, and defendants discharged.

BUSHNELL, C. J., and CHANDLER, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.