THE PEOPLE v. WILLIAM LANE.

*Confessions.*

In a prosecution for an attempt to murder, the respondent's unsupported confession is not sufficient evidence of the *corpus delicti.*

Exceptions before judgment from Wayne. Submitted October 19. Decided October 20.

INFORMATION for attempt to kill and murder. Respondent was convicted. Conviction set aside and prisoner discharged.

Attorney General *Jacob J. Van Riper* for the People.

*John G. Hawley* for respondent.   A prisoner ought not to be convicted on his extra-judicial confessions without proof *aliunde* of the *corpus delicti*: 1 Greenl. Ev. § 217 ; Rosc. Crim. Ev. 39, n. 1 ; *State v. Turner* 19 Ia. 144 ; *State v. Scott* 39 Mo. 424 ; *Jenkins v. State* 41 Miss. 582 ; *Priest v. State* 10 Neb. 393 ; *Johnson v. State* 59 Ala. 37 ; *State v. Knowles* 48 Ia. 598 ; *Terr. v. McClin* 1 Montana 394 ; *Nesbit v. State* 43 Ga. 239 ; *Bergen v. People* 17 Ill. 426 ; *People v. Rulloff* 3 Park. Cr. 401 ; *People v. Hennessey* 15 Wend. 147 ; *People v. Ah How* 34 Cal. 218.

COOLEY, J.   The respondent was convicted of an attempt to murder one Allen by administering morphine to him. The evidence that any such offence was committed was the respondent's admission.   The medical and other evidence in the case tended very strongly to show that the admission was unfounded.   The defendant on the trial explained his story by saying that he invented it to get up a sensation by way of advertisement for a firm of sensational doctors.   The explanation was extraordinary, but on the evidence it is more credible than the confession on which respondent was convicted.

An unsupported confession should not be received as sufficient evidence of the *corpus delicti*.   *People v. Hennessey* 15 Wend. 147 ; *Stringfellow v. State* 26 Miss. 157 ; *State v. Guild* 5 Halsted 163.   The respondent on the case submitted to the jury was entitled to an acquittal, and the conviction must be set aside and a discharge ordered

The other Justices concurred.