PEOPLE *v.* DAVIS.

1. CRIMINAL LAW—LEWD AND LASCIVIOUS COHABITATION—CORPUS DELICTI—EVIDENCE.
   In prosecution for lewd and lascivious cohabitation where *corpus delicti* had not been shown, it was error to receive newspaper reporter's testimony of statements made to him in the nature of confession (Act No. 328, § 335, Pub. Acts 1931).

2. SAME—CORPUS DELICTI—EVIDENCE—EXTRAJUDICIAL CONFESSIONS.
   The *corpus delicti* may not be proved by the naked extrajudicial confession of the accused.

3. SAME—LEWD AND LASCIVIOUS COHABITATION—EXCHANGE OF SPOUSES—EVIDENCE.

In prosecution for lewd and lascivious cohabitation, alleged statements by defendants to a newspaper reporter that there had been an exchange of spouses without other evidence except of a conjectural nature *held,* insufficient to support a conviction (Act No. 328, § 335, Pub. Acts 1931).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted June 13, 1940. (Docket No. 91, Calendar No. 40,874.) Decided September 6, 1940.

Mildred Davis and Clarence June were convicted of lewd and lascivious cohabitation. Reversed, and defendants discharged.

*Kenneth H. Smith,* for defendants.

*Thomas Read,* Attorney General, and *Thomas C. Taylor,* Prosecuting Attorney, for the people.

SHARPE, J. Respondents were convicted of the crime of "lewd and lascivious cohabitation" in violation of Act No. 328, § 335, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-335, Stat. Ann. § 28.567). It is the claim of the people that Clarence June and Mildred Davis on June 3, 1939, and divers other days did lewdly and lasciviously associate and cohabit together, neither party being legally married to the other.

It was established by competent evidence that since the first week in June, Mildred Davis and four of her children lived in the home occupied by Clarence June and five of his children; and that before Mrs. Davis came to live there, the house, which was 16 by 20 feet, was divided into two rooms by a quilt nailed to the ceiling, which quilt was used as a partition until four or five days after Mrs.

Davis came, when a partition was built dividing the house into two rooms. Mrs. Davis and her children slept in one room and Mr. June and his five sons slept in the other room. It also appears that about the time Mildred Davis and children came to live at the home of Clarence June, Edith June, the wife of Clarence June, went to live at the home of George Davis, the husband of Mildred Davis; and that John C. Treen, a reporter of the Detroit News, had a conversation with the defendants and elicited from them the information that the parties had made a trade of wives. This testimony was objected to by defendants' counsel for the reason that the statements were in the nature of a confession and not admissible until the *corpus delicti* had been shown.

At the close of the testimony, motion was made for the discharge of the defendants for the reason that there was no evidence of lewd and lascivious cohabitation on the part of the defendants.

The people claim that defendants' open and notorious exchange of spouses, their associating with their spouses from whom they were then living apart, their open admission concerning the trade, their willingness to bask in the light of newspaper notoriety, connected with the other circumstances shown by the testimony, are sufficient facts from which the jury could find that they were guilty beyond a reasonable doubt of lewd and lascivious cohabitation.

Without the aid of the testimony of the newspaper reporter, there is no evidence of a "trading" of wives, no evidence that the defendants had marital relations with each other, or that their conduct in public was anti-social in character.

There is, however, positive testimony that the defendants occupied the same house, slept in different rooms and were seen about the premises. In

our opinion the facts as above presented do not warrant a finding that the crime charged was committed. Under such circumstances, the so-called confession as related by the newspaper reporter should not have been received in evidence.

In *People* v. *Ranney,* 153 Mich. 293, 295 (19 L. R. A. [N. S.] 443), we said:

"It is the general rule that the *corpus delicti* may not be proved by the naked extrajudicial confession of the accused."

In *People* v. *Lane,* 49 Mich. 340, we said:

"An unsupported confession should not be received as sufficient evidence of the *corpus delicti.*"

In *People* v. *Kirby,* 223 Mich. 440, 451, Justice WIEST, in a concurring opinion, said:

"A confession alone ought not to be sufficient evidence of the *corpus delicti.* There should be other proof that a crime has actually been committed; and the confession should only be allowed for the purpose of connecting the defendant with the offense."

The record is convincing that without the testimony of the "confession" and a generous sprinkling of conjecture and imagination, the elements necessary to sustain a conviction are lacking.

The judgment is reversed, and the respondents discharged.

BUSHNELL, C. J., and CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.