PEOPLE v ALLEN

1. CRIMINAL LAW—CORPUS DELICTI—CIRCUMSTANTIAL EVIDENCE—IN-
   FERENCES.

   The corpus delicti of a crime may be established by circumstan-
   tial evidence and reasonable inferences.

2. WORDS AND PHRASES—CRIMINAL LAW—CORPUS DELICTI.

   The corpus delicti, generically speaking, is the body of the wrong
   or injury; the Latin word corpus means body and delicti means
   wrong or injury; there can, however, be a considerable differ-
   ence between the *wrong* practiced and the *injury* suffered.

3. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE.

   The corpus delicti of an offense is not established until the people
   have introduced evidence from which the trier of fact may
   reasonably find that acts constituting *all the essential elements*
   of the offense have been committed and that someone's crimi-
   nality was responsible for the commission of those acts.

4. HOMICIDE—CONFESSION—ADMISSIBILITY—CORPUS DELICTI—MURDER
   —FIRST-DEGREE MURDER—EVIDENCE—SECOND-DEGREE MURDER.

   A defendant's extrajudicial confession is inadmissible until the
   corpus delicti has been established and, although a defendant's
   confession was inadmissible to establish that a murder was of
   the first degree, since there was evidence *aliunde* the confession
   that the victim's death was caused criminally, the confession
   was admissible to show that the defendant murdered the victim
   and, hence, was guilty of second-degree murder.

5. HOMICIDE—MURDER—MANSLAUGHTER—SECOND-DEGREE MURDER—
   FIRST-DEGREE MURDER—FELONY MURDER—STATUTES.

   Homicide is the killing of one human being by another and in
   Michigan homicide is not a crime; in Michigan it is murder and
   manslaughter that are crimes and murder, in Michigan called
   "second-degree murder", is a *common-law* crime and first-de-
   gree murder is a *statutory* crime; it is the common-law crime of

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 8, 9] 30 Am Jur 2d, Evidence § 1140 *et seq.*
[5–7] 40 Am Jur 2d, Homicide §§ 28, 44 *et seq.*

murder with an added element; in order to aggravate the offense from second-degree murder to first-degree murder it must be "perpetrated by means of poison, or. lying in wait, or any other kind of wilful, deliberate and premeditated killing, or * * * be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping" (MCLA 750.316).

6. HOMICIDE—SECOND-DEGREE MURDER—FIRST-DEGREE MURDER—SEPARATE OFFENSES—SENTENCES—PAROLE—PROBATION—DISCRETION.

Second-degree and first-degree murder are separate offenses; offenders are subject to significantly different penalties since persons convicted of first-degree murder must be sentenced to life imprisonment and may not be paroled while persons convicted of second-degree murder may be sentenced to life imprisonment—parolable after ten years imprisonment—but, in the discretion of the sentencing judge, they may be sentenced to any term of years, and many are placed on probation; a definitional difference which makes for such a radical difference in the law's view of an offender's culpability and in the punishment to which he may be or must be subjected is clearly an essential element.

7. HOMICIDE—MURDER—SECOND-DEGREE MURDER—FIRST-DEGREE MURDER—CORPUS DELICTI—EVIDENCE—CONFESSION.

Just as the people must establish with evidence the essential element distinguishing second-degree murder from first-degree murder in order to convict an accused person of the aggravated offense, so, too, in order to prove the corpus delicti, that distinguishing element must be established by evidence independent of the accused person's confession (MCLA 750.316).

8. CRIMINAL LAW—CORPUS DELICTI—PROOF.

In every criminal prosecution in Michigan the people must independently prove the corpus delicti.

9. HOMICIDE—MURDER—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—CORPUS DELICTI—EVIDENCE—CONFESSION—SENTENCES.

Judgment of conviction of first-degree murder should be reduced to second-degree murder and defendant remanded for resentencing where the corpus delicti of a felony-murder was not established through evidence other than statements attributed to the accused person.

Appeal from Court of Appeals, Division 1, Levin, P. J., and R. B. Burns and J. H. Gillis, JJ., affirming Recorder's Court of Detroit, Don Binkowski, J. Submitted November 6, 1973. (No. 3 November Term 1973, Docket No. 54,341.) Decided November 21, 1973.

39 Mich App 483 reversed.

Jerome Wesley Allen was convicted of first-de-. gree murder. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed, conviction modified to second-degree murder and remanded for resentencing on second-degree murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Dennis H. Benson* and *Marshall Redman),* for defendant on appeal.

PER CURIAM. The question presented by this appeal is whether the corpus delicti of felony murder MCLA 750.316; MSA 28.548 may be established without evidence independent of the accused person's confession of the essential element that distinguishes the offense of first-degree murder from second-degree murder.

For the reasons set forth in the dissenting opinion of Judge (now Justice) LEVIN in the Court of Appeals, 39 Mich App 483, 494; 197 NW2d 874 (1972), we hold it may not.

We adopt the opinion of Justice LEVIN as the opinion of this Court.

Reversed, the judgment of conviction is modified to reduce the offense of which the defendant stands convicted to murder in the second degree and the defendant is remanded for resentencing on second-degree murder.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred.

LEVIN, J., did not sit in this case.