PEOPLE v NADEAU

1. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—CORPUS DELICTI—CONFESSIONS.

The corpus delicti of first-degree murder must be established by independent evidence before the prosecution can introduce a confession that elevates the offense from second-degree murder to first-degree murder.

2. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—COMMON-LAW MURDER—STATUTES.

First-degree murder is the common-law crime of murder with an added element; it is murder perpetrated by means of poison or lying in wait, or any other kind of wilful, deliberate and premeditated killing (MCLA 750.316; MSA 28.548).

3. HOMICIDE—FIRST-DEGREE MURDER—NOTICE OF CHARGE—INFORMATION—PREMEDITATION—LIFE IMPRISONMENT.

A defendant was put on notice that the state would ask for a conviction of first-degree murder where the information charged that the defendant "feloniously, wilfully and of his malice aforethought, did kill and murder" the victim contrary to common law and where the order appointing counsel stated that the charge was common-law murder and the penalty was life imprisonment.

4. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—DELIBERATION —SUBMISSION TO JURY—EVIDENCE—LIGHT MOST FAVORABLE TO STATE—APPEAL AND ERROR.

An appellate court in reviewing whether or not there was suffi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 285.
[2] 40 Am Jur 2d, Homicide §§ 44–52.
  Homicide: what constitutes "lying in wait". 89 ALR 2d 1140.
[3] 40 Am Jur 2d, Homicide § 223.
[4] 40 Am Jur 2d, Homicide § 439.
[5] 29 Am Jur 2d, Evidence §§ 573, 575.
  Mental subnormality of accused as affecting voluntariness or admissibility of confession. 69 ALR2d 348.
[6] 29 Am Jur 2d, Evidence § 267.
[7] 29 Am Jur 2d, Evidence §§ 785–788.

cient evidence of premeditation or deliberation to submit the issue of first-degree murder to the jury looks at the evidence in a light most favorable to the state.

5. Criminal Law—Confessions—Evidence—Defendant's History of Mental Illness—Walker Hearing—Appeal and Error.

A trial judge's decision to admit a defendant's confession into evidence where the defendant had a history of mental illness should not be disturbed on appeal where the trial judge held a *Walker* hearing and the record supports the judge's determination that the defendant understood his rights and the proceedings and that the confession was voluntary.

6. Witnesses—Criminal Law—Evidence—Cross-Examination—Defendant's History of Mental Illness—Appeal and Error.

It cannot be considered prejudicial for a prosecutor to cross-examine a defendant's mother concerning the defendant's admittances to and releases from numerous psychiatric facilities where the defendant's attorney had questioned the mother on this issue on direct examination.

7. Criminal Law—Evidence—Photographs—Discretion of Trial Judge.

The admissibility into evidence of photographs is a matter for the discretion of the trial judge.

Appeal from Macomb, Frank E. Jeannette, J. Submitted March 9, 1977, at Detroit. (Docket No. 26951.) Decided May 3, 1977.

Ronald R. Nadeau was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Alice F. Sage,* Assistant Prosecuting Attorney, for the people.

*Hopping & Boyer, P. C.,* for defendant.

Before: M. F. Cavanagh, P. J., and R. B. Burns and Beasley, JJ.

R. B. Burns, J. Defendant was convicted by a jury of murder in the second degree. MCLA 750.317; MSA 28.549. He appeals and we affirm.

The case involves a brutal murder. We will not discuss the facts of the case except as it is necessary for the determination of this opinion.

The information charged that the defendant "feloniously, wilfully and of his malice aforethought, did kill and murder one Patricia Straka, Contrary to the Common Law." The complaint and warrant were also written in a similar manner. There was no document in which there was any statutory reference to the degree of murder.

The defendant, in his statement of questions involved, asks: "Does the charge of common law murder encompass first degree murder?" Although the defendant does not set forth the error in his brief, it may be assumed that he contends that he should not have been tried on first-degree murder and that the jury should not have been instructed on first-degree murder.

To substantiate his position he cites the dissenting opinion of Justice Levin, while a judge of this Court, in *People v Allen,* 39 Mich App 483; 197 NW2d 874 (1972), which was adopted as the opinion of the Supreme Court in *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973).

Justice Levin stated that:

"Murder—in this state called 'second-degree murder' —is a *common-law* crime. First-degree murder is a *statutory* crime; it is the common-law crime of murder with an added element." 39 Mich App at 501. (Emphasis in original.) (Citation omitted.)

However, the *Allen* case stood for one proposition and one proposition only, that the corpus delicti of first-degree murder must be established

by independent evidence before the prosecution can introduce a confession that elevates the offense from second-degree murder to first-degree murder.

It must also be remembered that Allen was charged and convicted of first-degree murder, with Justice LEVIN recommending modification of the judgment, reduction of the conviction to second-degree murder and a remanding of the case to the trial court for resentencing.

In the present case the defendant was charged with first-degree murder, but convicted of, and sentenced for, second-degree murder.

As previously stated, the information charged that the defendant "feloniously, wilfully and of his malice aforethought, did kill and murder one Patricia Straka, Contrary to the Common Law". The warrant, complaint and arraignment were all written in a similar manner. The order appointing counsel read: "Charge: Common-law murder (Life)."

When the prosecutor first attempted to have defendant's confession admitted into evidence the defense attorney objected and stated:

"What I submit at this point, Your Honor, though, is that at this time the confession is not admissible until such time as there is a recognition from the Prosecutor's office that the charge that we're dealing with here is second degree murder as opposed to first degree murder."

The prosecutor replied:

"Your honor, I think the record in this case will speak for itself with regards to whether or not we have shown any premeditation."

First-degree murder is the common-law crime of murder with an added element. The murder must be "perpetrated by means of poison, or lying in wait, or any other kind of wilfull, deliberate and *premeditated* killing". (Emphasis added.) MCLA 750.316; MSA 28.548.

The defendant was put on notice that the state would ask for a conviction of first-degree murder.

In *People v Utter,* 217 Mich 74, 86; 185 NW 830, 834 (1921), the defendant was found guilty of first-degree murder. The Court stated:

"While murder is defined by statute in this State, and the killing of a human being under specified circumstances made murder in the first degree, it also includes the common-law definition and, where appropriate, a simple information charging the common-law essentials of murder may be laid, and the jury convict of any degree which the proof establishes."

The Supreme Court reasserted this principal in *People v Treichel,* 229 Mich 303; 200 NW 950 (1924).

MCLA 767.71; MSA 28.1011 provides:

"In all indictments for murder and manslaughter it shall not be necessary to set forth the manner in which nor the means by which the death of the deceased was caused; but it shall be sufficient in any indictment for murder to charge that the defendant did murder the deceased; and it shall be sufficient in manslaughter to charge that the defendant did kill the deceased."

The defendant next claims that there was not sufficient evidence of premeditation or deliberation to submit the issue of first-degree murder to the jury.

In reviewing such evidence an appellate court looks at the evidence in a light most favorable to

the state. *People v Berthiaume,* 59 Mich App 451; 229 NW2d 497 (1975). We have reviewed the record and find sufficient evidence to support a finding of premeditation.

Defendant also claims that it was error for the trial judge to admit his confession into evidence as the defendant had a history of mental illness. The trial judge held a *Walker* hearing and determined that the defendant had understood his rights and the proceedings and that the confession was voluntary. His decision is supported by the record.

The record indicates that defendant's attorney questioned the defendant's mother concerning the defendant's admittances and releases from numerous psychiatric facilities. It cannot be considered prejudicial if the prosecutor also asked those questions on cross-examination.

There was sufficient evidence introduced to submit the case to the jury for first-degree murder prior to the introduction of the confession.

Lastly, the admissibility of photographs is a matter for the discretion of the trial judge. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972). The trial judge did not abuse his discretion.

Affirmed.