PEOPLE v HAWKINS

1. HOMICIDE—FIRST-DEGREE MURDER—CORPUS DELICTI—EVIDENCE AL-
   IUNDE DEFENDANT'S CONFESSION—PREMEDITATION—DELIBERA-
   TION.

   The corpus delicti of first-degree premeditated murder was not
   established in a trial for first-degree murder where no evidence
   from which premeditation or deliberation could be inferred was
   presented by the prosecutor *aliunde* the defendant's confession.

2. CRIMINAL LAW—CORPUS DELICTI—EVIDENCE—ESSENTIAL ELEMENTS.

   The corpus delicti of an offense is not established until the people
   have introduced evidence from which the trier of fact may
   reasonably find that acts constituting all the essential elements
   of the offense have been committed and that someone's crimi-
   nality was responsible for the commission of those acts.

3. HOMICIDE—MURDER—FIRST-DEGREE MURDER—SECOND-DEGREE
   MURDER—ESSENTIAL ELEMENTS—DEFINITIONAL DIFFERENCES.

   A definitional difference between first-degree murder and second-
   degree murder which makes for a radical difference in the
   law's view of an offender's culpability and in the punishment to
   which he may be or must be subjected is clearly an essential
   element to establish the corpus delicti of first-degree murder.

4. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—ES-
   SENTIAL ELEMENTS—EVIDENCE ALIUNDE DEFENDANT'S CONFES-
   SION—CORPUS DELICTI—ENUMERATED FELONIES—PREMEDITA-
   TION.

   The essential element distinguishing first-degree murder from
   second-degree murder must be established by evidence indepen-
   dent of the accused person's confession in order to prove the
   corpus delicti of first-degree murder; the corpus delicti of first-

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 30 Am Jur 2d, Evidence §§ 1140–1142.
   40 Am Jur 2d, Homicide §§ 432, 433.
   Corroboration of extrajudicial confession or admission. 45 ALR2d
   1316.
[3, 5] 40 Am Jur 2d, Homicide §§ 44, 45, 53.

degree murder includes the element of either an enumerated felony or premeditation.

5. HOMICIDE—MURDER—SECOND-DEGREE MURDER—PROSECUTORS—
STATUTES.

   A prosecutor must establish the following in order to prove a defendant guilty of second-degree murder: (1) that a death occurred, (2) which was caused by the defendant, (3) without justification or excuse, and (4) with malice aforethought (MCLA 750.317; MSA 28.549).

Appeal from Recorder's Court of Detroit, Geraldine B. Ford, J. Submitted November 15, 1977, at Detroit. (Docket No. 30410.) Decided January 4, 1978.

Arthur S. Hawkins was convicted of first-degree murder. Defendant appeals. Reversed and remanded for entry of conviction of second-degree murder and resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

BRONSON, P. J. Defendant was convicted by a jury of first-degree murder. MCLA 750.316; MSA 28.548. He appeals as of right.

The primary evidence against defendant at trial was the testimony of a police officer to whom defendant had confessed. According to that testimony, defendant and two others robbed the decedent, Percy Ward. About a week later, after learn-

ing that Ward was going to kill them they "got a plan together". The three lured Ward to a house and beat him. They then drove Ward to an alley, where Ward was shot. Defendant did not admit shooting Ward, but stated that he remained in a car the whole time. Other evidence at trial established the beating of Ward by defendant and two others, that defendant and the others took Ward from the house and that Ward was killed by a shotgun blast to the back of his head from very close range.

Defendant contends that the prosecution failed to establish the corpus delicti of first-degree murder *aliunde* defendant's confession.

Traditionally, the corpus delicti of murder could be established by proof: 1) of a death, and 2) that such death was caused by a criminal agency or instrumentality. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *People v Coapman,* 326 Mich 321; 40 NW2d 167 (1949), *People v Mondich,* 234 Mich 590; 208 NW 675 (1926), *People v Sparks,* 53 Mich App 452; 220 NW2d 153 (1974), *People v Kozlow,* 38 Mich App 517; 196 NW2d 792 (1972). In *People v Allen, supra,* however, the Michigan Supreme Court, adopting the opinion of Judge (now Justice) LEVIN,[1] held that to establish the corpus delicti of first-degree murder, the prosecutor must introduce evidence of *each element* of the crime, including evidence of the element distinguishing first-degree from second-degree murder:

"Whatever may be the correct etymological definition of the term *'corpus delicti,'* and, although there are quotations in Michigan cases from other authorities to the effect that the *corpus delicti* of an offense is established upon showing a specified *injury* and someone's criminality as the source of the injury, the law in this

---

[1] 39 Mich App 483; 197 NW2d 874 (1972).

state is clear that the *corpus delicti* of an offense is not established until the people have introduced evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that someone's criminality was responsible for the commission of those acts.

\* \* \*

"Second-degree and first-degree murder are separate offenses. Offenders are subject to significantly different penalties: persons convicted of first-degree murder must be sentenced to life imprisonment and may not be paroled; persons convicted of second-degree murder may be sentenced to life imprisonment—parolable after ten years imprisonment—but, in the discretion of the sentencing judge, they may be sentenced to any term of years, and many are placed on probation. A definitional difference which makes for such a radical difference in the law's view of an offender's culpability and in the punishment to which he may be or must be subjected is clearly an essential element." (Footnote omitted.) 39 Mich App at 495–502.

In *Allen,* the defendant was charged with felony murder. The language of *Allen,* however, indicates that the more strict corpus delicti rule applies to all first-degree murder:

"Just as the people must establish with evidence the essential element distinguishing second-degree murder from first-degree murder in order to convict an accused person of the aggravated offense, so, too, in order to prove the *corpus delicti,* that distinguishing element must be established by evidence independent of the accused person's confession. Otherwise the policy underlying the rule requiring that *all* the elements of the offense be established independently of a confession—consistently enforced in many Michigan cases—would be eroded in the category of cases where the stakes are the highest, where the accused person has the most to lose and where one would think that the law would be the most solicitous of his rights." (Emphasis in original. Footnote omitted.) 39 Mich App at 503–504.

Nevertheless, this Court subsequently held in *People v Sparks, supra,* that where the element distinguishing first-degree from second-degree murder is premeditation and deliberation rather than felony murder, evidence of premeditation is not required under the corpus delicti rule.

The Supreme Court denied leave to appeal in *Sparks* in a somewhat ambiguously worded order:

"On order of the Court, the application for leave to appeal is considered, and the same hereby is denied, because the appellant has failed to persuade the Court that the questions presented should be reviewed by this Court. In denying leave, this Court does not wish to be understood as accepting the distinction between felony and premeditated murder in the application of the rule enunciated in *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), drawn by the Court of Appeals in deciding this case." *People v Sparks,* 393 Mich 135; 224 NW2d 481 (1974).[2]

We hold that, under *People v Allen, supra,* the corpus delicti of first-degree murder includes the element of either an enumerated felony or premeditation. See *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976), *People v Juniel,* 62 Mich App 529; 233 NW2d 635 (1975). But see *People v Norwood,* 68 Mich App 730; 243 NW2d 719 (1976). Three factors mandate this result. First, as stated above, the language used in *Allen* was not confined to felony murder. Second, the Michigan Supreme Court in *Sparks* expressly withheld approval of the distinction between first-degree and felony murder in its order. Third, the rationale behind *Allen,*

---

[2] The Court's reasoning may have been that there was sufficient evidence in that case apart from the confession. The Court of Appeals opinion states:

"The circumstances of the killing itself make premeditation and deliberation a reasonable inference." *People v Sparks, supra,* 53 Mich App at 459.

which is that the corpus delicti must be established to prevent persons from being convicted for a crime, which may not have actually been committed, on the basis of often untrustworthy evidence, applies equally to first-degree and felony murder.

Applying the *Allen* rule to the case at bar, we find that the corpus delicti of first-degree premeditated murder was not established. Apart from defendant's confession, prosecution witnesses testified to the following:

1) On the evening of August 18, 19 or 20, 1973, defendant and two friends beat Percy Ward in the basement of Wesley Warren's home;

2) After Warren's request that the men take Ward to the hospital, they picked up Ward and carried him from the house;

3) Percy Ward died as a result of a shotgun wound to the back of his head from very close range in the early morning of August 21, 1973.

No evidence from which premeditation or deliberation could be inferred was presented *aliunde* defendant's confession. Under *Allen,* defendant's conviction for first-degree murder must be reversed. As the corpus delicti of second-degree murder was established *aliunde* defendant's confession and as we find that there was sufficient evidence to support a jury verdict of guilty of second-degree murder,[3] this case is remanded for entry of convic-

[3] To prove the defendant guilty of second-degree murder the prosecution must establish, beyond a reasonable doubt, the following: (1) that a death occurred, (2) which was caused by the defendant, (3) without justification or excuse and (4) with malice aforethought. MCLA 750.317; MSA 28.549; CJI 16:2:04, *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). In the instant case the prosecutor presented evidence on each of these elements from which the jury could conclude that the defendant committed the offense. First, the medical examiner testified that Percy Ward was killed on August 21, 1973. Second, the defendant admitted that he assaulted the deceased, carried him into Ward's car, and followed that car into an alleyway

tion of second-degree murder and resentencing.
See *People v Allen, supra.*

---

where the deceased was shot. From this the jury could infer that the defendant aided and abetted Marshand Reid and Howard Thomas in the murder of Percy Ward. Third, since Percy Ward had been lured to an apartment, struck unconscious by the defendant, beaten by the defendant and his companions, carried out of the house, placed in a car, transported to an alley and shot, the jury could infer that the defendant had no legal justification for aiding in the killing of the deceased. Fourth, since Percy Ward was shot in the back of the head at close range with a shotgun the jury could infer that he was murdered with malice aforethought: *See People v Martin,* 392 Mich 553; 221 NW2d 336 (1974), *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971), *People v Rosemary Gibson,* 71 Mich App 543; 248 NW2d 613 (1976).