PEOPLE v MICHAEL JOHNSON

Docket No. 45945. Submitted September 3, 1980, at Grand Rapids.—
Decided April 21, 1981.

Michael Johnson was convicted of second-degree murder, Kent
Circuit Court, George R. Cook, J. Defendant appeals, alleging
that the examining magistrate erred in binding him over on an
open murder charge, that the trial court erred in refusing to
quash the information and in denying a motion for a directed
verdict of acquittal, and that even using the defendant's confes-
sion there was insufficient evidence from which a rational trier
of fact could find premeditation and deliberation beyond a
reasonable doubt. *Held:*

1. A magistrate is not required to specify the degree of
murder charged. The magistrate did not err in binding the
defendant over on the open charge of murder because there
was sufficient evidence presented at the preliminary examina-
tion, other than defendant's confession, to support the magis-
trate's finding that the murder was committed during the
commission of a robbery.

2. Because there was sufficient evidence to support the open
murder charge the trial court did not err in refusing to quash
the information.

3. The prosecution submitted sufficient evidence, absent de-
fendant's confession, to establish a prima facie case on the
element of premeditation. Thereafter, the confession was prop-
erly admitted into evidence.

4. Considering the defendant's confession along with the
other evidence presented by the prosecution, there was suffi-
cient evidence presented from which a rational trier of fact

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 159.
    21 Am Jur 2d, Criminal Law §§ 443, 450.
[2] 40 Am Jur 2d, Homicide §§ 470, 471.
[3] 40 Am Jur 2d, Homicide §§ 42-53.
[4] 30 Am Jur 2d, Evidence §§ 1140-1142, 1173.
[5, 7] 40 Am Jur 2d, Homicide §§ 439, 472.
[6] 75 Am Jur 2d, Trial §§ 530-537.

could find the element of premeditation beyond a reasonable doubt.

Affirmed.

1. CRIMINAL LAW — MAGISTRATES — PROBABLE CAUSE.

A magistrate's determination of probable cause, in binding a defendant over for trial, will not be reversed on appeal absent a clear abuse of discretion.

2. CRIMINAL LAW — MAGISTRATES — HOMICIDE — CORPUS DELICTI.

A magistrate, in determining whether to bind a defendant over in a homicide case, is not required to specify the degree of murder charged; however, the corpus delicti of first-degree murder must be established by evidence *aliunde* the defendant's confession so, in order to support a charge of first-degree murder at the preliminary examination, the prosecution need only present sufficient evidence on one of the factors that elevates an otherwise second-degree murder to the crime of first-degree murder.

3. HOMICIDE — FIRST-DEGREE MURDER.

First-degree murder is second-degree murder plus an added element, either premeditation or the perpetration or attempt to perpetrate an enumerated felony.

4. CRIMINAL LAW — CORPUS DELICTI — EXTRAJUDICIAL STATEMENTS.

Prior to the admission of an extrajudicial statement by a defendant, the corpus delicti of the charged offense must be established by the prosecution at trial by the introduction of evidence from which the trier of fact may reasonably find that acts constituting all the essential elements of the offense have been committed and that someone's criminality was responsible for the commission of those acts; such evidence need not constitute proof beyond a reasonable doubt in order to establish a prima facie case.

5. HOMICIDE — PREMEDITATION — INFERENCES.

Premeditation and deliberation characterize a thought process undisturbed by hot blood; they may be inferred from the circumstances surrounding a killing, including such factors as the character of the weapon used, the wounds inflicted, the defendant's conduct subsequent to the killing, and evidence tending to show motive.

6. CRIMINAL LAW — MOTIONS — DIRECTED VERDICT.

A trial court, when ruling on a motion for a directed verdict of acquittal, must consider all of the evidence presented up to the

time the motion is made, view it in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt.

7. HOMICIDE — PREMEDITATION — WEAPONS.

The acquisition of a weapon in preparation for a homicide is a relevant factor in determining the existence of premeditation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: MacKENZIE, P.J., and ALLEN and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant appeals from a jury conviction of second-degree murder, MCL 750.317; MSA 28.549.

Defendant was charged with the murder of Reverend Robert Lowe in Grand Rapids, Michigan. At trial, the prosecution established that the victim was killed either late Sunday night, May 7, 1978, or the following Monday morning. The deceased's body was found hidden under a rug in a small storage room in the basement of his residence. The room had been bolted shut and a large cardboard box was placed in front of the door. The pathologist stated that the victim was shot twice with a .22-caliber handgun. Reverend Lowe sustained bullet wounds in his arm and his head, the latter causing his death.

Defendant, who had known Reverend Lowe for some time, was apprehended in Tennessee on May 12, 1978. He had in his possession the victim's car and clothing. A radio and a tape recorder were found inside the vehicle. Defendant gave three

statements to police officers who questioned him at various times. Defendant first stated that while he was at Reverend Lowe's residence on Sunday night, May 7, 1978, a third individual arrived at the house. Defendant said that as the two men argued about a debt the Reverend owed the other man, he left the house in the Reverend's car which had been lent to him.

Defendant's second statement presented a completely different version of events. Defendant stated that he was in Reverend Lowe's bedroom, where the Reverend made a lewd suggestion to him. Defendant refused to comply. After adjusting a television set, defendant turned to face Reverend Lowe who was now pointing a .38-caliber revolver at him. Defendant then kicked the Reverend's hand, pulled a .22-caliber pistol from his hip pocket and fired at the victim's arm. Because Reverend Lowe still held the gun, defendant covered his face or eyes with his elbow and shot straight at Reverend Lowe. Defendant thought that he had killed the Reverend. He then carried the victim to the basement of the house and hid the body underneath a rug. Defendant drove away in Reverend Lowe's car, which already contained the Reverend's clothes, radio and tape recorder. He threw the .22-caliber pistol away along the highway and he sold the Reverend's .38-caliber gun to a man in Louisville, Kentucky.

In a third statement, defendant repeated the essentials of his original story and denied any involvement in the killing. Defendant admitted that he had taken a color television set from Reverend Lowe's residence and sold it in Indianapolis, Indiana, for $100.

The case was submitted to the jury with instructions allowing a verdict of murder in the first

degree, second degree, manslaughter or not guilty. Defendant was found guilty of second-degree murder and was sentenced to life imprisonment.

Defendant first claims that the examining magistrate abused his discretion in binding defendant over on an open murder charge because there was no evidence of premeditation and deliberation *aliunde* his confession.

A magistrate's determination of probable cause will not be reversed on appeal absent a clear abuse of discretion. *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979), *People v Juniel,* 62 Mich App 529; 233 NW2d 635 (1975).

Since the ultimate finding as to degree is for the jury, a magistrate is not required to specify the degree of murder charged. *People v Spalla,* 83 Mich App 661, 665; 269 NW2d 259 (1978). However, the corpus delicti of first-degree murder must be established by evidence *aliunde* a defendant's confession. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973). First-degree murder is second-degree murder plus an added element, either premeditation or the perpetration or attempt to perpetrate an enumerated felony. *People v Carter,* 395 Mich 434, 437; 236 NW2d 500 (1975). Therefore, in order to support a charge of first-degree murder at the preliminary examination, the prosecution need only present sufficient evidence on one of the factors that elevates an otherwise second-degree murder to the crime of murder in the first degree.

In the instant case, the magistrate found sufficient evidence of first-degree murder-felony.[1] We find no abuse of discretion in this finding. The evidence introduced at the preliminary examina-

---

[1] The examining magistrate also found sufficient evidence of premeditation and deliberation.

tion *aliunde* defendant's statements supported the conclusion that a murder had been committed during the perpetration of a robbery. The Reverend Lowe's bedroom was left in disarray, with a stereo and television set missing. Defendant had in his possession the Reverend's automobile, radio, tape recorder and some items of personal clothing. This evidence was sufficient to bind the defendant over for trial on an open charge of murder.

Having found sufficient evidence to bind defendant over on the open charge of murder, we likewise reject defendant's claim that the court erred in refusing to quash the information.

At trial, the prosecution abandoned its pursuit of first-degree murder-felony and, instead, elected to proceed on the theory of a deliberate and premeditated killing. Defendant next contends that the trial court erred in denying defendant's motion for a directed verdict because the prosecutor failed to produce sufficient evidence at trial on the element of premeditation and deliberation distinct from defendant's extrajudicial confession. Defendant also argues that even with the confession, there was insufficient evidence from which a rational trier of fact could find that premeditation and deliberation were proved beyond a reasonable doubt. We disagree.

Prior to the admission of an extrajudicial statement by a defendant, the prosecutor must establish the corpus delicti of the charged offense by introducing:

"evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that someone's criminality was responsible for the commission of those acts." *People v Allen,* 390 Mich 383; 212

NW2d 21 (1973), *adopting People v Allen,* 39 Mich App 483, 496; 197 NW2d 874 (1972) (Levin, J., dissenting).

In reversing the defendant's conviction in *People v Wells,* 87 Mich App 402, 409; 274 NW2d 797 (1978), the Court found "lacking any evidence by which the jury could *reasonably have inferred* the existence of premeditation". (Emphasis supplied.)

The Court in *People v Coapman,* 326 Mich 321, 329; 40 NW2d 167 (1949), quoted the standard followed in *People. v Trine,* 164 Mich 1; 129 NW 3 (1910), that "the making of a prima facie case opens the door to proof to connect the accused with the offense [through the confession]". Also, in cases involving conspiracies, the prosecutor must submit independent evidence amounting to a prima facie case of conspiracy before a coconspirator's statements are admissible. *People v Stewart,* 397 Mich 1, 6; 242 NW2d 760 (1976), *People v Losey,* 98 Mich App 189; 296 NW2d 601 (1980).

From the above, it appears that in establishing the corpus delicti prior to the admission of a defendant's extrajudicial statements, the prosecutor is not required to submit proof beyond a reasonable doubt. As long as some evidence justifying a reasonable inference of culpability is presented on each of the essential elements of the offense, the prosecution has satisfied the appropriate burden of proof, *i.e.,* establishing a prima facie case.[2] Once this quantum of proof has been met, a defendant's out-of-court statements can then be introduced as further proof of his guilt beyond a reasonable doubt.

[2] " ' "A 'prima facie' case means, and means no more than, evidence sufficient to justify, but not to compel, an inference of liability, if the jury so find." ' *Stewart v Rudner,* 349 Mich 459, 474; 84 NW2d 816, 826 (1957)." *People v Stewart,* 397 Mich 1, 6, fn 1; 242 NW2d 760 (1976).

We must first decide whether the required quantum of proof was presented at defendant's trial, absent his confession, to establish the essential element of premeditation and deliberation. We must then determine whether all of the evidence, including defendant's statement, was sufficient to withstand defendant's motion for a directed verdict.

Premeditation and deliberation characterize a thought process undisturbed by hot blood. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). Premeditation and deliberation may be inferred from the circumstances surrounding the killing as long as the inferences originate from an adequate basis in the record. *People v Hoffmeister,* 394 Mich 155, 158-159; 229 NW2d 305 (1975). Premeditation and deliberation can be inferred from the character of the weapon used and the wounds inflicted. *People v Melvin,* 70 Mich App 138; 245 NW2d 178 (1976). Other relevant factors include organized conduct subsequent to the killing, evidence tending to show motive and the circumstances surrounding the killing. *People v Meier,* 47 Mich App 179, 184-185; 209 NW2d 311 (1973), *Morrin, supra.*

Our review of the record persuades us that the prosecution submitted a prima facie case on the essential element of premeditation. The deceased was shot with a .22-caliber handgun. He was shot twice, once in the arm and once in the head. Defendant's motive for the killing was established by testimony that Reverend Lowe always carried the church receipts home with him on Sunday nights and kept substantial sums of money in his house. Further, defendant had stolen items from the Reverend in the past.

Additional circumstantial evidence supporting defendant's premeditated plan to murder Rever-

end Lowe were shown by the extensive organized conduct subsequent to the killing. The victim's body was transferred from a second-floor bedroom to a storage cellar in the basement. The stairways between the floors did not contain any spots of blood. The corpse was hidden underneath a rug, and the door to the storage room was bolted shut, with a large cardboard box placed in front of it. The bed was neatly made, so as to cover the blood-spotted sheets. Various articles of clothing were placed over the bloodstains on the carpet. The elaborate nature of the cover-up activity subsequent to the killing is corroborated by the testimony of prosecution witnesses that several preliminary searches of the Reverend's house did not reveal any evidence of a possible homicide.

Based on this testimony, we are persuaded that the prosecution met its burden in establishing a prima facie case of premeditation. The type of weapon used, the nature of the wounds inflicted, the evidence establishing a larcenous motive and the comprehensive cover-up activity subsequent to the killing all support a reasonable inference that the murder was the product of a premeditated plan. Therefore, the trial court did not err in admitting defendant's extrajudicial statements into evidence.

We now address defendant's argument that even with the introduction of defendant's statements, the essential element of premeditation had not been established beyond a reasonable doubt.

When ruling on a motion for a directed verdict of acquittal, the trial court must consider all of the evidence presented by the prosecution up to the time the motion is made, view it in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the

essential elements of the crime were proved beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

According to defendant's second statement to the police, he went to Reverend Lowe's residence on Sunday night armed with a .22-caliber pistol. The acquisition of a weapon in preparation for a homicide is a relevant factor in determining the existence of premeditation. *Meier, supra.* Defendant admitted that he shot Reverend Lowe two times. Although defendant disclaimed any intent to strike the victim in a vital area and expressed mitigating circumstances for the shooting, the jury was not required to believe this portion of his statement. *People v Renno,* 392 Mich 45, 60; 219 NW2d 422 (1974), *People v Berthiaume,* 59 Mich App 451, 457; 229 NW2d 497 (1975). Defendant did confess that he deliberately intended to shoot Reverend Lowe more than once.

When defendant's statement is considered along with all of the circumstantial evidence presented by the prosecution, we conclude that the prosecution presented sufficient evidence so that a rational trier of fact could find that the essential element of premeditation was proved by a reasonable doubt.

Defendant's conviction of second-degree murder is affirmed.