PEOPLE v GIBSON

Docket No. 70122. Submitted March 16, 1983, at Lansing.—Decided
    July 29, 1983.
    Defendant, Myrtle S. Gibson, also known as Myrtle L. Spearman,
    was charged with open murder and possession of a firearm
    during the commission of a felony. Following a preliminary
    examination, the magistrate bound defendant over for trial on
    a charge of first-degree murder and possession of a firearm
    during the commission of a felony. Defendant was then con-
    victed by a jury in the Genesee Circuit Court, Thomas C.
    Yeotis, J., of second-degree murder and the felony-firearm
    violation. Defendant appealed to the Court of Appeals which
    affirmed in an unpublished per curiam opinion decided August
    7, 1981. Docket No. 48138. Defendant sought leave to appeal in
    the Supreme Court. The Michigan Supreme Court, in lieu of
    granting leave to appeal, remanded to the Court of Appeals for
    consideration of a question regarding the trial court's jury
    instructions and reconsideration of whether the magistrate's
    reliance on the defendant's confession to support evidence of
    premeditation and deliberation so as to warrant a bindover on
    first-degree murder contravened Supreme Court precedent. 417
    Mich 909 (1983). On remand, *held:*

    1. The instruction given by the trial court that "it is pre-
    sumed that a person intends the natural consequences of his
    acts" is not distinguishable from the instruction found to be
    unconstitutional by the Supreme Court in *People v Wright,* 408
    Mich 1 (1980).

    2. There was no evidence, other than the defendant's confes-
    sion, to support premeditation and deliberation so as to war-
    rant a bindover on first-degree murder.

    Reversed and remanded for a new trial on second-degree
    murder.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — INSTRUCTIONS TO JURY
        — INTENT — PRESUMPTIONS — BURDEN OF PROOF.
    An instruction to the jury in a criminal case that "it is presumed

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 781.
[2] 40 Am Jur 2d, Homicide § 439.

that a person intends the natural consequences of his acts" is unconstitutional and violates the Fourteenth Amendment's requirement that the state prove every element of a criminal offense beyond a reasonable doubt because the jury may interpret the presumption either as conclusive or as shifting the burden of persuasion (US Const, Am XIV).

2. HOMICIDE — FIRST-DEGREE MURDER — SECOND-DEGREE MURDER — EVIDENCE — CONFESSIONS.

   A judgment of conviction of first-degree murder should be reversed and remanded for a new trial on second-degree murder where there was no evidence presented at the preliminary examination, other than the defendant's confession, to support the elements of premeditation and deliberation so as to warrant a bindover on first-degree murder.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. This case comes to us by an order of the Supreme Court wherein they state:

"[I]n lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), this case is remanded to the Court of Appeals for consideration of the question of whether it was reversible error for the trial court to instruct the jury that 'it is presumed that a person intends the natural consequences of his acts' in light of *People v Wright,* 408 Mich 1; 289 NW2d 1 (1980), and reconsideration of whether reliance on the defendant's confession to support evidence of premeditation and deliberation so as to warrant a bindover on first-degree murder

contravenes this Court's decision in *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973).

"Jurisdiction is not retained." 417 Mich 909 (1983).

It should be noted that the defendant did not object to the trial judge's instructions, nor did she raise any such issue on appeal. This is understandable as the trial was conducted August 31, 1979, and *People v Wright,* 408 Mich 1; 289 NW2d 1 (1980), was decided March 4, 1980.

In *Wright* the Court found an instruction, "The law presumes that every man or woman intends the natural, the probable, and the legitimate consequences of his or her own willful and voluntary acts", to be unconstitutional.

In our opinion there is no distinction between the two instructions.

We have carefully reviewed the record of the preliminary examination in this case and, other than the defendant's confession, there is no evidence to support premeditation and deliberation so as to warrant a bindover on first-degree murder. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973).

The case is reversed and remanded for a new trial on second-degree murder.