PEOPLE v ALLEN

Docket No. 77-5114. Submitted April 11, 1979, at Lansing.—Decided June 20, 1979.

Violet M. Allen was convicted of first-degree murder, Ingham Circuit Court, Michael G. Harrison, J. Mrs. Allen confessed to the crime of killing her husband, stating that she shot him in the back while he was sleeping in the bedroom and then followed him downstairs to the kitchen where she shot him a second time. The prosecution presented testimony that prior to killing her husband, defendant stated she wanted him killed and on two occasions had talked to friends about trying to find a hit man to kill him, a task for which she was willing to pay $500, and finally $1,000. On appeal, defendant alleges that her confession and all of her statements concerning the crime may not be used to establish the corpus delicti of the murder. *Held:*

The only way the prosecution could prove premeditation, which is a necessary element in first-degree murder, was through defendant's confession or through the statements she made prior to the murder. In Michigan, the corpus delicti of a crime cannot be established by the extra-judicial confession of an accused; therefore, defendant's confession was not admissible to establish the corpus delicti of the crime. That rule, however, only precludes confessions and admissions which necessarily amount to a confession from being used to establish the corpus delicti. Statements made by an accused prior to the time the crime was committed do not amount to confessions, because at the time they were made no crime had been committed and there was nothing to confess or admit to. Statements made prior to the time of the crime are admissible and can be used to establish the corpus delicti of the crime.

Affirmed.

1. CRIMINAL LAW — CORPUS DELICTI — DEFINITIONS — EVIDENCE — ELEMENTS.

The traditional definition of the corpus delicti of any felonious

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 81.
[2] 29 Am Jur 2d, Evidence § 530.

homicide has been a dead body with a criminal agency as its cause; however, in Michigan, the Supreme Court has stated that in order to establish the corpus delicti of first-degree murder, the prosecution must show not only the above-mentioned elements, but also prove the element of premeditation, which distinguishes first-degree murder from second-degree murder.

2. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — EXTRA-JUDICIAL CONFESSIONS.

The corpus delicti of a crime cannot be established by the extra-judicial confession of an accused.

3. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — CONFESSIONS AND ADMISSIONS.

Statements made by an accused prior to the time the crime was committed do not amount to confessions and can be used to establish the corpus delicti of a crime, because the statements were made at a time when no crime had been committed and therefore there was nothing to confess or admit to.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Charles M. Sibert,* Assistant Prosecuting Attorney, for the people.

*Karl A. H. Bohnhoff,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548. She was sentenced to life imprisonment and now appeals by right.

Jimmy James Allen, defendant's husband, was found shot to death in the kitchen of his Lansing home. An autopsy showed that he had received two gunshot wounds, one a superficial wound to the back and a second wound which had punctured his right lung and ruptured his aorta caus-

ing him to bleed to death. Defendant confessed to the crime, stating that she went upstairs to the bedroom where her husband was sleeping and shot him in the back. Her husband got out of bed, and ran downstairs to the kitchen. Defendant said she followed him and then shot him a second time. The prosecution also presented testimony that prior to killing her husband, defendant stated she wanted her husband killed and on two occasions had talked to friends about trying to find her a hit man to kill her husband, a task for which she was willing to pay $500, and finally $1,000.

Defendant's first allegation of error concerns the use of her statements to establish the corpus delicti of first-degree murder and causes us to examine the scope and extent of the corpus delicti rule.

The traditional definition of the corpus delicti of any felonious homicide has been a dead body with a criminal agency as its cause. See La Fave and Scott, Criminal Law, § 4, p 16. These requirements were certainly met in the present case as the placement of the mortal wounds excludes the possibility of their being self-inflicted. In Michigan, however, our Supreme Court has stated that in order to establish the corpus delicti of first-degree murder, the prosecution must show not only the two above-mentioned elements, but must also prove the element which distinguishes first-degree murder from second-degree murder which, in the present case, is premeditation. *People v Sparks,* 393 Mich 135; 224 NW2d 481 (1974), *People v Allen,* 39 Mich App 483, 494; 197 NW2d 874 (1972), dissenting opinion, LEVIN, J., adopted by the Supreme Court, 390 Mich 383; 212 NW2d 21 (1973).

The physical and circumstantial evidence in this case does not appear in and of itself to establish

the element of premeditation. Therefore, the only way the prosecution could have proven premeditation was through defendant's confession or through the statements made by defendant prior to the murder.

It has long been the rule in this state that the corpus delicti of a crime cannot be established by the extra-judicial confession of the accused. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *People v Ranney,* 153 Mich 293; 116 NW 999 (1908). Therefore, defendant's confession could not have been used to establish the corpus delicti.

Defendant also contends, however, that *all* of her statements, not just her confession, must be excluded when establishing the corpus delicti. We do not agree.

The corpus delicti rule only precludes confessions and admissions which necessarily amount to a confession from being used to establish the corpus delicti. See *People v Porter,* 269 Mich 284, 290; 257 NW 705 (1934), *People v Allen,* 39 Mich App 483, 505, fn 23; 197 NW2d 874 (1972).[1] Statements made by the accused prior to the time the crime was committed do not amount to confessions, because at the time they were made no crime had been committed and therefore there is nothing to confess or admit to. Thus, statements made prior

---

[1] Although there are references in Judge (now Justice) Levin's opinion in *Allen* that the corpus delicti cannot be established by the statements of the accused *(Allen* at 497, 505), we feel this labeling was inadvertent and in no manner expands the opinion beyond the question presented which was whether

"[T]he *corpus delicti* of first-degree murder can be established without evidence independent of the accused person's *confession* [emphasis added] of the essential element that distinguishes the offense of second-degree murder from first-degree murder." *Allen* at 494.

We are led to this conclusion because the vast majority of the references in the opinion are to defendant's confessions not merely defendant's statements.

to the time the crime was committed can be used to establish the corpus delicti of the crime. *Warszower v United States,* 312 US 342; 61 S Ct 603; 85 L Ed 876 (1941), *People v Randall,* 42 Mich App 187; 201 NW2d 292 (1972).

Adoption of defendant's arguments that all statements of the accused should be excluded coupled with the Supreme Court's decision that premeditation must be shown to establish the corpus delicti of first-degree murder would effectively preclude convictions for first-degree murder in a vast number of cases. Since finding a body with one bullet hole in it does not usually provide circumstantial evidence of premeditation, the cold, calculated one-shot murderer could not be convicted of first-degree murder unless an eyewitness saw him deliberately aim and shoot his victim. Therefore, if we adopted defendant's position, we would be rewarding the killer for the skill of his marksmanship and his cleverness in shielding his activities from the view of other people. This we will not do.

Defendant's other allegations of error do not merit discussion or reversal.

Affirmed.