## PEOPLE v JOHN WILLIAMS

Docket No. 53160. Submitted February 9, 1983, at Grand Rapids.—
Decided September 1, 1983. Leave to appeal granted, 418 Mich
950.

John L. Williams, Jr., was convicted of first-degree murder by a
jury in Bay Circuit Court and was sentenced to life imprison-
ment, John X. Theiler, J. Defendant appealed by leave granted.
*Held:*

1. The evidence at trial was insufficient to support a finding
of premeditation absent defendant's confession. The people
must establish every element of an offense by evidence other
than the extrajudicial statements of the accused. This has not
been done, therefore defendant's conviction of first-degree mur-
der is vacated and the case is remanded for entry of a judgment
of conviction of second-degree murder.

2. The trial court did not err in denying defendant's motion
for a change of venue.

3. The prosecutor's failure to disclose the results of a psycho-
logical test to defendant before trial was error. However, the
error was harmless.

4. The trial court did not err in submitting to the jury a
charge of first-degree murder based on a felony-murder theory.

5. The prosecutor's comments during final arguments did not
cause error.

6. Defendant's argument that the trial court erred in in-

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 611.

[2] 40 Am Jur 2d, Homicide § 454.

[3] 77 Am Jur 2d, Venue § 84.

[4] 21 Am Jur 2d, Criminal Law § 389.
Pretrial publicity in criminal case as ground for change of venue.
33 ALR3d 17.

[5] 63 Am Jur 2d, Prosecuting Attorneys § 27.
Right of accused in state courts to inspection or disclosure of
evidence in possession of prosecution. 7 ALR3d 8.

[6] 21A Am Jur 2d, Criminal Law §§ 770, 998.
73 Am Jur 2d, Statutes §§ 145, 194.

[7] 40 Am Jur 2d, Homicide § 72.
50 Am Jur 2d, Larceny § 44.

structing the jury that they could consider the lesser-included offenses if they could not unanimously agree that defendant was guilty of the principal offense was not preserved for appellate review since defendant did not object to the instruction at trial.

7. Defendant's argument that the trial court erred when it *sua sponte* instructed the jury as to the disposition of a defendant found not guilty by reason of insanity was also not preserved for appellate review and no miscarriage of justice will result from the Court of Appeals decision not to review the issue.

Defendant's conviction of first-degree murder is vacated and the case is remanded for entry of a judgment of conviction of second-degree murder and for resentencing.

1. CRIMINAL LAW — EVIDENCE — EXTRAJUDICIAL STATEMENTS.

The people must establish every element of a charged offense by evidence other than the extrajudicial statements of the accused.

2. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION — EVIDENCE.

Premeditation, while it need not be established by direct evidence in a first-degree murder prosecution, cannot be found as a result of mere speculation.

3. APPEAL — MOTIONS AND ORDERS — CHANGE OF VENUE.

A trial court's ruling on a motion for change of venue will not be reversed absent an abuse of discretion.

4. CRIMINAL LAW — VENUE — CHANGE OF VENUE.

Adverse pretrial publicity in itself does not mandate a change of venue; before a change of venue will be granted, the defendant must demonstrate that there is a pattern of strong community feeling or bitter prejudice against him and that the publicity has been so extensive and inflammatory that jurors could not remain impartial when exposed to it.

5. CRIMINAL LAW — EVIDENCE — PROSECUTING ATTORNEYS — DUTY OF DISCLOSURE.

The prosecution has an affirmative duty to disclose all of the evidence of which it has knowledge bearing on the charged offense.

6. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to arrive at and effectuate the intent of the Legislature; nonetheless, a statute

must admit of some ambiguity before a court will examine the legislative intent behind it in an attempt to ascertain meaning.

7. Larceny — Value of Property — Statutes.
    The difference between felony and misdemeanor larceny often depends on the value of the property that is stolen; however, where the perpetration of a larceny or an attempted larceny provides the circumstance underlying a charge of felony murder, the value of the property involved is irrelevant (MCL 750.316, 750.356; MSA 28.548, 28.588).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

Before: R. M. Maher, P.J., and R. B. Burns and P. J. Marutiak,* JJ.

Per Curiam. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to a mandatory term of life in prison. He now appeals by leave granted.

On April 15, 1978, Frances Brattler, a 79-year-old woman, was found dead in her home in Bay City. Thinking that she had died of natural causes, Ms. Brattler's son-in-law, who had discovered the body, arranged to have the body taken to a funeral home. While preparing the body for the funeral, the mortician noticed a wound in the chest and notified the medical examiner. After an autopsy, it was determined that the cause of death was a stab wound to the chest and aorta. It was later discovered that Ms. Brattler was killed on April 13, 1978.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Various pieces of evidence presented at trial implicated defendant in the crime. Several persons testified that they had seen defendant driving Ms. Brattler's car on the days following her death. His fingerprints were also found on the outside of the car. Additional fingerprints were found in the kitchen and dining room of Ms. Brattler's home. A tape-recording was played to the jury in which defendant described to the police how he committed the crime. In that confession, the defendant told the police the location of the murder weapon, a knife. The knife was later admitted into evidence. Testimony was received indicating that the blood found on the knife matched that of the victim and that the fibers clinging to the knife were consistent with those taken from the victim's robe.

The jury returned a verdict of guilty of first-degree murder in the perpetration of a wilful, deliberate, and premeditated killing. Defendant moved for a new trial or judgment notwithstanding the verdict. The court denied the motion.

On appeal, defendant raises seven issues, one of which is meritorious.

Defendant argues that the people failed to establish the corpus delicti of first-degree murder *aliunde* the defendant's confession. It has long been the law in this state that the people must establish every element of an offense by evidence other than the extrajudicial statements of the accused. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973).[1] The people argue that *Allen,* which involved a conviction for first-degree felony murder, does not apply where first-degree murder is based on premeditation and deliberation. At least two panels of this

---

[1] In *Allen,* the Supreme Court adopted the dissenting opinion of Judge (now Justice) LEVIN in *People v Allen,* 39 Mich App 483, 494; 197 NW2d 874 (1972).

Court have adopted this view. See *People v Rappuhn,* 55 Mich App 52; 222 NW2d 30 (1974), and *People v Sparks,* 53 Mich App 452; 220 NW2d 153 (1974). Other panels have found that *Allen* applies to first-degree murder whether based on an enumerated offense or on deliberation and premeditation. *People v Allen,* 91 Mich App 63; 282 NW2d 836 (1979); *People v Hawkins,* 80 Mich App 481; 264 NW2d 33 (1978). We agree with the latter position and hold that *Allen* is applicable to the present case.

The defendant argues that, absent his confession, the evidence received at trial was insufficient to support a finding of premeditation. We agree. The people argue that the evidence showed that the victim was a very neat housekeeper, that her body was found in the dining room, and that the knives were kept in the kitchen. The people infer that the defendant had to go from the dining room to the kitchen to obtain a knife before stabbing Ms. Brattler. This brief journey, the people conclude, gave defendant enough time to take the "second look" at his intended conduct necessary to a finding of premeditation.

Although premeditation need not be established by direct evidence, *People v Hoffmeister,* 394 Mich 155; 229 NW2d 305 (1975), it cannot be found as the result of mere speculation, *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979). We find that it is "mere speculation" to infer from the evidence that the defendant went to the kitchen to secure a knife before stabbing Ms. Brattler. Such speculation will not support a jury's finding of premeditation.

Consequently, we vacate the defendant's conviction of first-degree murder and remand for entry of a judgment of conviction of second-degree mur-

der, MCL 750.317; MSA 28.549, and for resentencing.

We discuss briefly defendant's remaining issues.

First, defendant maintains that the trial court erred in denying his motion for change of venue. A trial court's ruling on a motion for change of venue will not be reversed absent an abuse of discretion. *People v Prast (On Rehearing),* 114 Mich App 469; 319 NW2d 627 (1982). The defendant argues that a change of venue was required due to adverse pretrial publicity. Such publicity does not in itself mandate a change of venue. *Prast, supra,* p 480. Before a change of venue will be granted, the defendant must demonstrate that there is a pattern of strong community feeling or bitter prejudice against him and that the publicity has been so extensive and inflammatory that jurors could not remain impartial when exposed to it. *Prast, supra,* p 480. After reviewing the record, we find that defendant has not met that burden. None of the jurors had been exposed to any of the pretrial publicity and each stated that he or she could render an impartial verdict based on the evidence.

Second, defendant argues that the prosecutor's failure to disclose the results of a psychological test to defendant before trial requires reversal. The prosecution has an affirmative duty to disclose all of the evidence of which it has knowledge bearing on the charged offense. *People v Sizemore,* 69 Mich App 672; 245 NW2d 159 (1976). The prosecution's failure to disclose the test results to the defendant is error. However, such error was harmless. After reviewing the record, we cannot say that the error is so offensive to the maintenance of a sound judicial system that it can never be considered harmless, nor do we find that but for

the error it is reasonably possible that one juror would have voted to acquit.

Third, defendant contends that the court erred in submitting to the jury a charge of first-degree murder based on a theory of felony murder. The defendant claims that only misdemeanor larceny was alleged as the underlying offense and that a felony must be alleged to charge first-degree murder. The statute provides: "All murder * * * which shall be committed in the perpetration, or attempt to perpetrate [a] * * * *larceny of any kind* * * * shall be murder of the first degree." MCL 750.316; MSA 28.548, as in force after the 1969 amendment and before the 1980 amendment. As this Court said in *People v Oliver,* 111 Mich App 734, 743; 314 NW2d 740 (1981):

"The cardinal rule of statutory construction is to arrive at and effectuate the intent of the Legislature. Nonetheless, a statute must admit of some ambiguity before a court will examine the legislative intent behind it in an attempt to ascertain meaning. *People v Moore,* 96 Mich App 754, 760-761; 293 NW2d 700 (1980). Here, the language is unambiguous and the legislative intent should be determined accordingly. The phrase 'larceny of any kind' means just that. The difference between felony and misdemeanor larceny will often depend on the value of the property stolen. MCL 750.356; MSA 28.588. A larceny or attempted larceny is no less of an aggravating circumstance in the context of a murder charge if the killing is for 35 cents as opposed to $100 or $5,000."

We agree. The statutory phrase "larceny of any kind" includes larcenies that are misdemeanors as well as larcenies that are felonies. See *People v Hawkins,* 114 Mich App 714, 717; 319 NW2d 644 (1982). The trial court did not err in submitting to

the jury a charge of first-degree murder based on a *felony*-murder theory.

Fourth, defendant complains that the prosecutor's comments during final arguments constitute reversible error. We have reviewed those comments and have found no error.

Fifth, defendant argues that the trial court erred in instructing the jurors that they could consider the lesser included offenses if they could not unanimously agree that defendant is guilty of the principal offense. Because the defendant did not object to this instruction, we cannot review. *People v Handley,* 415 Mich 356, 360; 329 NW2d 710 (1982).

Finally, defendant urges that the trial court erred when it *sua sponte* instructed the jury as to the disposition of a defendant found not guilty by reason of insanity. Because the defendant did not object to this instruction, we cannot review absent a miscarriage of justice. See *People v Hawley,* 112 Mich App 784, 787; 317 NW2d 564 (1982). We find that a trial court should be permitted to give such an instruction *sua sponte* for the reasons stated in *People v Rone (On Second Remand),* 109 Mich App 702; 311 NW2d 835 (1981), *lv den* 414 Mich 873 (1982).

Vacated and remanded.