9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
John L. WILLIAMS, Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 No. 92-2476.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1993.
 
 Before: JONES and SILER, Circuit Judges; and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 John L. Williams appeals the dismissal of his Petition for Writ of Habeas Corpus. The district court refused to grant the petition on any of the six grounds for relief raised by Williams. For reasons stated herein, we AFFIRM.
 
 
 2
 Williams was charged with and convicted of first-degree murder. He received the mandatory sentence of life imprisonment.
 
 
 3
 On direct appeal to the Michigan Court of Appeals, the evidence was held insufficient to establish the corpus delicti of premeditated murder independent of Williams' confession. People v. Williams, 341 N.W.2d 143 (Mich.Ct.App.1983). The Michigan Supreme Court reversed and reinstated the conviction. People v. Williams, 373 N.W.2d 567 (Mich.1985). Williams then petitioned for a writ of habeas corpus.
 
 I.
 
 4
 Williams contends that the corpus delicti of the crime of premeditated murder includes the element of premeditation, so that until independent evidence of premeditation or deliberation was introduced at his trial, Williams' own statements, which tended to establish premeditation, could not be introduced. Michigan has a corpus delicti rule which requires that the prosecution establish the substance of the crime charged aliunde (independent of) the defendant's own extrajudicial statements.
 
 
 5
 In a prosecution of first-degree premeditated murder the elements of premeditation and deliberation need not be shown independent of a defendant's confession to sustain a conviction. Williams, 373 N.W.2d at 571-72. It is sufficient to show, aliunde the confession, that common-law or statutory second-degree murder was committed by the defendant. Thus, it is unnecessary to have independent proof of each element of the particular kind of criminal homicide charged as a condition of admissibility of a confession. Id.
 
 
 6
 A federal habeas court may not review a state court's decision applying purely state law. Long v. Smith, 663 F.2d 18 (6th Cir.1981), cert. denied, 455 U.S. 1024 (1982). As the Michigan Supreme Court has resolved this state law issue, the district court correctly concluded that this claim is not reviewable in federal habeas corpus.
 
 II.
 
 7
 At trial Williams raised the defense of insanity. Michigan's forensic center concluded that Williams was not mentally ill. The court read, sua sponte, former Michigan Criminal Jury Instruction 7:8:08, which explained the procedures required by state law for disposition of the defendant if he is found not guilty by reason of insanity (NGRI). That instruction states that if the defendant is later found not to be mentally ill nor to require treatment, he will be discharged from custody. Williams argues that the instruction suggested to the jury that he would be released immediately if they concluded that an NGRI verdict was appropriate, as the state forensic center had already found Williams to be sane.
 
 
 8
 The defense did not object at trial to this instruction. The court of appeals found that failure to object at trial waived Williams' right to raise this issue on appeal, pursuant to Michigan's contemporaneous objection rule. Williams, 341 N.W.2d at 147. When the state courts "clearly and expressly" rely on a valid state procedural rule to bar appellate review of a federal constitutional claim, federal habeas review of the claim is also barred unless the petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2551 (1991).
 
 
 9
 The Michigan Court of Appeals properly applied the manifest injustice analysis to its discussion of procedural default on direct appeal. Also, the district court properly held that the jury instruction claim is barred from review in habeas corpus by procedural default, as Williams failed to show cause and prejudice. Further, claimed errors in jury instructions are not reviewable in federal habeas corpus proceedings unless they deny the petitioner a fundamentally fair trial or infringe upon specific constitutional protections. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). When a claimed error involves issues of state law, it is not of constitutional magnitude. Id. at 482.
 
 III.
 
 10
 Williams asserts that he was denied both a fair trial and effective counsel due to the failure to discover an invalid mental health test administered by Michigan's forensic center. Under Brady v. Maryland, 373 U.S. 83, 86 (1963), suppression by the prosecution of material evidence favorable to the accused violates due process. In order for a violation of due process to be found, there must first be no knowledge of the evidence on the part of the defense, and, second, the evidence must be material, such that disclosure of the evidence would create a reasonable probability that the trial result would be different. United States v. Bagley, 473 U.S. 667, 684 (1985).
 
 
 11
 In this case, the Minnesota Multiphasic Personality Inventory Test (MMPI) was administered to Williams prior to trial. The results indicated that Williams was trying to fake mental illness. Consequently, the administrator of the test concluded that the results were invalid. The prosecution's expert did not rely on the results of the test. Williams was not prejudiced by this since the results were not exculpatory. Rather, the results would have supported other evidence that Williams was an habitual liar. The district court also found that the test results were not deliberately withheld for purposes of misleading the defense. These findings are not clearly erroneous and will not be reversed.
 
 
 12
 Williams also asserts ineffective assistance of trial counsel for failing to discover the test results prior to trial. In Strickland v. Washington, 466 U.S. 668 (1984), a two-part test for habeas review of Sixth Amendment claims of ineffective assistance of trial counsel was set forth. First, petitioner must show that counsel's performance was deficient. Second, the petitioner must show that counsel's deficient performance actually prejudiced the defense so as to deprive the petitioner of a fair trial. Id. at 693-96. Defense counsel was found to be well prepared to meet the testimony of the prosecution's two expert witnesses in cross-examination even without advance knowledge of the MMPI test results. The district court correctly concluded that counsel's performance did not fall below that required of a reasonably competent criminal attorney and did not violate Williams' Sixth Amendment right to the effective assistance of counsel.
 
 IV.
 
 13
 Williams was charged under an alternative theory of first-degree felony murder committed in the perpetration of a larceny. However, as only a small amount of cash and a knife were found missing, the larceny was classified as a misdemeanor.
 
 
 14
 The first-degree murder statute provides in relevant part: "Murder which is perpetrated by ... or which is committed in the perpetration, or attempt to perpetrate, ... larceny of any kind ... is murder of the first degree, and shall be punished by imprisonment for life." Mich.Comp.Laws Sec. 750.316. Williams asks this court to give a narrow interpretation of the phrase "of any kind" and find that misdemeanor larceny is not included. Quoting People v. Oliver, 314 N.W.2d 740, 745 (Mich.Ct.App.1981), the Michigan Court of Appeals in this case found that
 
 
 15
 [t]he phrase 'larceny of any kind' means just that. The difference between felony and misdemeanor larceny will often depend on the value of the property stolen. A larceny or attempted larceny is no less of an aggravating circumstance in the context of a murder charge if the killing is for 35 cents as opposed to $100 or $5,000. (citations omitted).
 
 
 16
 Williams, 341 N.W.2d at 146. The interpretation of state statutes and legislative intent by state appellate courts is a matter of state law which is not reviewable in habeas corpus. Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Thus, the district court properly refused to review this issue.
 
 V.
 
 17
 Williams also contends that he was denied a trial by an impartial jury because the trial court erroneously denied a defense motion for change of venue and because the trial court refused to excuse two jurors for cause, thereby forcing Williams to use peremptory challenges to excuse them.
 
 
 18
 The test for a jury's exposure to outside knowledge is whether a juror exposed to publicity "can lay aside his impression or opinion and render a verdict based on the evidence presented in court." United States v. Blanton, 719 F.2d 815, 830-31 (6th Cir.1983) (en banc), cert. denied, 465 U.S. 1099 (1984). On habeas corpus review, the trial judge is granted wide discretion concerning matters of jury empanelment, "particularly with respect to pretrial publicity." Mu'Min v. Virginia, 111 S.Ct. 1899, 1906 (1991). Appellant has shown no "barrage of inflammatory publicity immediately prior to trial" amounting to a huge "wave of public passion." Patton v. Yount, 467 U.S. 1025, 1031 (1984). The trial court reviewed press clippings and found no showing that Williams was denied a fair trial.
 
 
 19
 Williams further contends that he was unfairly forced to use three of his allotted twenty peremptory challenges to excuse prospective jurors who had seen publicity. While Michigan law provides a criminal defendant in a murder case with twenty peremptory challenges, Mich.Comp.Laws Sec. 768.13, the federal constitution does not guarantee a defendant any particular number of jury challenges. Ross v. Oklahoma, 487 U.S. 81, 88-89 (1988). The district court correctly found nothing in the record to support the claims that members of the jury were unable to render a fair and impartial verdict due to exposure to pretrial publicity.
 
 VI.
 
 20
 The final argument on appeal centers on the closing statement of the prosecutor. On habeas review, the standard to be applied when analyzing claims of prosecutorial misconduct is whether the misconduct was "so egregious so as to render the entire trial fundamentally unfair." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Impropriety alone is not sufficient. "The point at which improper argument amounts to a constitutional deprivation can only be defined by reference to the totality of the circumstances of the particular case." Summitt v. Bordenkircher, 608 F.2d 247, 253 (6th Cir.1979), aff'd, 449 U.S. 341 (1981).
 
 
 21
 Both the Michigan Court of Appeals and the Supreme Court found no error in any of the prosecutorial statements challenged by Williams. The prosecutor's closing argument, when read as a whole and evaluated in the context of the entire trial, was not so egregious as to deprive Williams of a fair trial. See id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation